-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

M.A. AMIN, 77-A-1450,

        Petitioner,

        -v-

DECISION AND ORDER
04-CV-0439Sr

SUPERINTENDENT GREAT MEADOW
CORRECTIONAL FACILITY,

        Respondent.

---

       Petitioner, M.A. Amin, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Livingston County Court, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. By Order filed June 21, 2004, petitioner was directed to file information regarding why the petition is not untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas petitions. The limitations period is counted from --

       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On June 28, 2004, petitioner filed his response. The Court has examined the response and finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244. Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on September 23, 2002 (i.e. 90 days after the New York Court of Appeals denied his request for leave to appeal on July 25, 2002; *People v. Amin*, 98 N.Y.2d 672 (2002))[1]. Petitioner's response indicates that he did not file any collateral attacks upon his conviction that would have served to toll the limitations period pursuant to § 2244(d)(2).

Construing Amin's response liberally, however, it may be regarded as arguing that the Court should equitably toll the limitations period because of he is mentally ill, which prevents him from doing things "at a fast pace," and without someone providing him with direction. His response further states that he had been a patient at a psychiatric hospital from January 26, 2000 through April 24, 2000.

The Court may equitably toll the § 2244 limitations period, but only in "rare and exceptional circumstances" that prevent a petitioner from timely filing. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). A petitioner carries the burden of proving that equitable tolling is warranted.

---

[1] For purposes of 28 U.S.C. § 2244(d)(1)(A) a judgment becomes final in New York 90 days after the New York Court of Appeals denies a petitioner's request for leave to appeal because 90 days is the period of time in which a criminal defendant can seek direct review of his conviction in the United States Supreme Court by filing a petition for a writ of certiorari. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998).

*Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001). The Second Circuit has assumed without deciding "that a petitioner seeking habeas relief can in some rare and exceptional circumstances rely on proof of mental illness to justify equitable tolling" of the one-year limitation period, *Rios v. Mazzuca*, 78 Fed. Appx. 742, 2003 U.S. App. LEXIS 21465, at *4 (2d Cir. 2003) (unpublished opinion); *see also Simpson v. Greene*, 2003 U.S. Dist. LEXIS 23022 (S.D.N.Y. 2003). Such equitable tolling will not, however, be appropriate where, a petitioner's claim of mental illness is vague and conclusory, and fails to particularize how his alleged infirmity "adversely affected his capacity to function generally or in relationship to the pursuit of his rights ...." *Simpson*, 2003 U.S. Dist. LEXIS 23022, at *8 (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). Here, as in *Simpson*, petitioner's claim of mental illness is substantiated by nothing other than his conclusory averments and he fails to specify how his condition rendered him unable to ascertain what steps he had to take to timely preserve his rights. There is thus no basis for the Court to determine that petitioner is entitled to equitable tolling of the AEDPA's limitations period. *Simpson*, 2003 U.S. Dist. LEXIS 23022, at *8-9.

Moreover, even if the Court were to determine that equitably tolling would be appropriate for the three-month period that petitioner claims to have been spent at a mental hospital, such determination would avail him nothing with respect to timeliness, since the period of hospitalization to which he refers in his petition occurred in 2000, over two years *before* his conviction became final.

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable

among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:   April 25, 2005
Rochester, New York